```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
BRUCE GOONAN,                                               :
                              Plaintiff,                    :
                                                            :       12 Civ. 3859 (JPO)
              -against-                                     :
                                                            :       MEMORANDUM AND
FEDERAL RESERVE BANK OF NEW YORK,                           :            ORDER
                              Defendant.                    :
                                                            :
----------------------------------------------------------- X
```

J. PAUL OETKEN, District Judge:

On January 7, 2013, the Court issued an opinion holding, *inter alia*, that § 341(Fifth) of the Federal Reserve Act does not preempt state and local anti-discrimination statutes. *See Goonan v. Fed. Reserve Bank of New York*, No. 12 Civ. 3859, 2013 WL 69196, at *16-26 (S.D.N.Y. Jan. 7, 2013) ("The January 7 Opinion"). Defendant has requested reconsideration of that holding. It argues that, although the Court correctly held that Defendant is a federal instrumentality, the Court overlooked (or misapplied) the appropriate preemption test. For the reasons that follow, Defendant's motion for reconsideration is denied.

**I.      Legal Standard for Reconsideration**

"A motion for reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Drapkin v. Mafco Consol. Group, Inc.*, 818 F. Supp. 2d 678, 695 (S.D.N.Y. 2011) (quotation marks and citation omitted). Accordingly, "[t]he threshold for prevailing on a motion for reconsideration is high." *Nakshin v. Holder*, 360 F. App'x 192, 193 (2d Cir. 2010); *see Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) ("The standard for granting such a motion is strict."). "Generally, motions for reconsideration are not granted unless the moving party can point to controlling decisions or data

1

that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Cioce v. County of Westchester*, 128 Fed. App'x 181, 185 (2d Cir. 2005).

"[On a Local Rule 6.3 motion,] a party may not advance new facts, issues, or arguments, not previously presented to the Court." *Polsby v. St. Martin's Press*, No. 97 Civ. 690, 2000 WL 98057, at *1 (S.D.N.Y. Jan.18, 2000); *accord Hayles v. Advanced Travel Mgmt. Corp.*, 01 Civ. 0017, 2004 WL 117597, at *1 (S.D.N.Y. Jan. 26, 2004) ("A movant may not . . . advance new facts, issues or arguments not previously presented to the Court, or reargue those issues already considered." (quotation marks omitted)). As Judge Sweet has observed, "Local Rule 6.3 is to be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." *Dellefave v. Access Temporaries, Inc.*, 99 Civ. 6098, 2001 WL 286771, at *1 (S.D.N.Y. Mar. 22, 2001).

## II.     Application

Defendant argues that reconsideration is appropriate because the Court either overlooked or misapplied preemption doctrine in light of Defendant's status as a federal instrumentality. In Defendant's view, the Court failed to "apply the preemption test for federal instrumentalities to determine whether the NYSHRL and New York City law are applicable to the New York Fed, a federal instrumentality." Specifically, Defendant argues that the January 7 Opinion "overlooks the presumption of preemption applicable to federal instrumentalities, and does not consider whether there is express Congressional intent to apply the state and local employment laws in issue to the New York Fed." This error, Defendant argues, "turns federalism on its head." Relying heavily on Judge Engelmayer's opinion in *Starr Int'l Co. v. Fed. Reserve Bank of New York*, No. 11 Civ. 8422, 2012 WL 5834852 (S.D.N.Y. Nov. 16, 2012), Defendant urges that the

presumption against preemption is reversed with respect to federal instrumentalities and that a finding of non-preemption is appropriate only where Congress has expressly authorized the application of state and local law.  Finally, Defendant maintains that the additional burdens to which it is subjected under state and local antidiscrimination law, as compared to federal law, control the preemption analysis.  These arguments do not succeed.

First, Defendant relies almost exclusively on the analysis set forth in the district court's decision in *Starr Int'l Co.*, which this Court cited and addressed in its January 7 Opinion.  *See Goonan*, 2013 WL 69196, at *26.  Defendant also relies heavily on arguments set forth in its original reply brief and considered by the Court in its original ruling.  Although Defendant has bolstered those arguments with a few more citations, their essential character remains unchanged.  In many respects, this motion for reconsideration thus appears to be little more than an effort to re-litigate an issue that the Court has already decided.  Simply put, courts do not tolerate such efforts to obtain a second bite at the apple.  *See Norton v. Town of Islip*, No. 04 Civ. 3079, 2013 WL 84896, at *3 (E.D.N.Y. Jan. 7, 2013).  While Defendant tries to create an air of novelty around its arguments by charging that the Court missed federal instrumentality analysis, the fact remains that one of the subheadings of the January 7 Opinion was "Federal Instrumentality Analysis."  In that section, the Court squarely addressed the matter and cited cases that analyze, at far greater length, federal instrumentality doctrine as relevant to Defendant.[1]

---

[1] Defendant's repeated suggestion that the Court missed the boat by focusing on ordinary conflict preemption doctrine does not withstand scrutiny.  Defendant's own briefs at the motion to dismiss stage focused almost exclusively on the very cases and analysis that it now implicitly characterizes as marginal to the "real" issue in the case.  Indeed, as the Court emphasized, Defendant gave federal instrumentality analysis such short shrift that "[i]t [was] a close question whether the Fed validly raised this issue in its motion to dismiss or waived it by waiting until its

Second, as the Court explained in the January 7 Opinion and will briefly explain again here, Defendant's arguments fail on the merits. The basic structure of the inquiry is simple:

> [W]here an entity claims federal instrumentality immunity from state regulation, a court must answer two fundamental questions. First, the court must determine whether that entity qualifies as a federal instrumentality for the purpose at issue. Then, if the answer to the first question is "yes," the court must determine whether that entity's status as a federal instrumentality immunizes it against the particular local or state exaction it seeks to avoid.

*James v. Fed. Reserve Bank of New York*, 471 F. Supp. 2d 226, 238 (E.D.N.Y. 2007) (referred to in the January 7 Opinion as "*James II*"). Because the Court held that Defendant is a federal instrumentality, it focused on the effects of that holding for preemption analysis.

To be clear, and contrary to some of Defendant's assertions, it does not follow from a finding of federal instrumentality status that any state or local law that affects an entity must be preempted unless Congress expressly authorized such exceptions. As Judge Engelmayer explained in *Starr Int'l Co.*, "[t]he parameters of federal preemption of state law are not coterminous with the scope of a federal instrumentality's authorized federal conduct." 2012 WL 5834852, at *30; *see also James* 471 F. Supp. 2d at 240 (noting that "federal instrumentalities are not immune from state regulation in every case" and citing cases in which Congress did not expressly authorize such regulation). Instead, he noted, courts must conduct an inquiry that is "functional in nature" into "whether holding an instrumentality to state law would tend to burden, impede, conflict with, or frustrate its lawful operation." *Starr Int'l Co.*, 2012 WL 5834852, at *30; *see also James*, 471 F. Supp. 2d at 242 ("[W]here an entity with federal instrumentality status claims immunity from a particular state exaction, the proper test is whether

---

reply brief to claim instrumentality status." *Goonan*, 2013 WL 69196, at *26. Defendant's present characterization of its position at the motion to dismiss stage is, at best, creative.

that exaction will interfere with the entity's federal function.").[2] A functional inquiry thus defines the applicable law.

Applying this analysis in its January 7 Opinion, the Court concluded that "[t]he state and local laws presently at issue do not extend so far beyond their federal counterparts as to generate an interference with the Fed's federal function sufficient to justify preemption." *Goonan*, 2013 WL 69196, at *26. More precisely, they do not interfere with Defendant's grant of discretion in employment practices as set forth in the FRA, since that provision is designed only to defeat at-will employment doctrines.[3] Nor can it seriously be maintained that denying Defendant greater room to engage in employment practices deemed discriminatory by state and local laws "would tend to burden, impede, conflict with, or frustrate its lawful operation" such that Defendant could not fully perform its federal function. *Starr Int'l Co.*, 2012 WL 5834852, at *30. The marginal differences between the state and local antidiscrimination laws presently at issue, and the federal anti-discrimination laws that unquestionably bind Defendant, are not remotely weighty enough even to "tend" to impede performance of Defendant's federal functions, which include acting as a "monetary and fiscal agent[] of the United States," *First Agric. Nat'l Bank v. State Tax Comm'n*, 392 U.S. 339, 356 (Marshall, J., dissenting), carrying out the "general fiscal duties of the United States," *Fed. Reserve Bank v. Metrocentre Improv. Dist. #1*, 657 F.2d 183, 185 (8th

---

[2] Applying that analysis, and exploring the purpose of the Fed's emergency lending power, Judge Engelmayer ultimately concluded that "subjecting [the Fed's] actions undertaken in connection with its rescue lending function to liability under state fiduciary duty law would assuredly" would result in burdens that mandate a finding of preemption. *Starr Int'l Co.*, 2012 WL 5834852, at *30.

[3] The Court noted in its January 7 Order that the presumption against preemption, which is inapplicable to federal instrumentalities, provided one reason to read the FRA in this manner. *See Goonan*, 2013 WL 69196, at *25. But it also identified a number of other reasons that still stand and are not overcome by the so-called 'presumption in favor of preemption' that may in some circumstances attach to federal instrumentalities. *See id.* at *18-24.

Cir. 1981), and "maintaining the stability of the financial system," *Starr Int'l Co.*, 2012 WL 5834852, at \*26.  There is no reason to believe, for instance, that application of New York State's slightly more permissive damages provisions in a disability discrimination case will disturb Defendant's ability to act in the best interest of the American financial system.  This case is therefore unlike *Starr Int'l Co.*, where application of state law would have directly interfered with a core and significant power assigned to Defendant by federal law.

### III. Conclusion

For the foregoing reasons, Defendant's motion is DENIED.  The Clerk of Court is directed to close the motion at Dkt. No. 26.

SO ORDERED.

Dated: New York, New York
April 5, 2013

_____
J. PAUL OETKEN
United States District Judge